UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRODERICK HODGE,

        Petitioner,         Case Number: 2:15-CV-12177
                                       HONORABLE VICTORIA A. ROBERTS

v.

DUNCAN MACLAREN,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case under 28 U.S.C. § 2254. Petitioner Broderick Hodge is a state inmate at the Saginaw Correctional Facility in Freeland, Michigan. He challenges his convictions for second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony on the grounds that he is actually innocent, the trial court erred in denying motion for directed verdict, insufficient evidence supported the second-degree murder conviction, and he received ineffective assistance of trial counsel. Now before the Court is Petitioner's Motion for Abeyance. The Court grants Petitioner's Motion for Abeyance and administratively closes this matter.

**I.**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder, Mich. Comp. Laws § 750.317; felon-in-possession of a firearm,

Mich. Comp. Laws § 750.224f; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  On May 20, 2009, he was sentenced to 15 to 25 years' imprisonment for the second-degree murder conviction, 1 to 5 years' imprisonment for the felon-in-possession conviction, and 2 years' imprisonment for the felony-firearm conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising these claims: (i) denial of motion for directed verdict was reversible error; (ii) trial court erred in denying voluntary manslaughter instruction; (iii) insufficient evidence supported convictions; and (iv) ineffective assistance of counsel.  The Michigan Court of Appeals affirmed his convictions.  *People v. Hodge*, No. 292722, 2010 WL 39984811 (Mich. Ct. App. Oct. 12, 2010).  The Michigan Supreme Court denied Petitioner's application for leave to appeal.  *People v. Hodge*, 488 Mich. 1050 (Mich. 2011).

Petitioner then filed a motion for relief from judgment in the trial court, arguing that his trial counsel was ineffective in failing to investigate Petitioner's mental state or to request a competency hearing, and he was entitled to resentencing.  The trial court denied the motion.  *People v. Hodge*, No. 09-001988-01-FC (Wayne County Cir. Ct. May 10, 2013).  Petitioner sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court.  Both state appellate courts denied leave to appeal.  *People v. Hodge,* No. 320841 (Mich. Ct. App. May 2, 2014); *People v. Hodge* 497 Mich. 946 (Mich. Dec. 30, 2014).

Petitioner then filed the pending habeas corpus petition. He raises these claims: (i) actual innocence; (ii) trial court erred in denying motion for directed verdict on first-degree murder charge; (iii) insufficient evidence to support second-degree murder conviction; and (iv) counsel was ineffective for failing to pursue a claim of self-defense. Petitioner has also now filed a motion to hold this proceeding in abeyance while he presents newly-discovered evidence supporting his claim that he is actually innocent.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because, although the claims raised in the petition are exhausted, he would like to raise an additional, unexhausted claim in state court concerning newly-discovered evidence.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In the pending case, Petitioner's unexhausted claim is based upon a claim of newly-discovered evidence. Because the claim is, according to Petitioner, newly-discovered, Petitioner shows good cause for not previously exhausting this claim. Next,

the claim is not "plainly meritless." Petitioner states that the newly-discovered evidence supports his claim of actual innocence. Absent an independent constitutional violation, a free-standing claim of actual innocence based upon newly-discovered evidence does not warrant federal habeas relief. *See Muntaser v. Bradshaw*, 429 F. App'x 515, 521 (6th Cir. 2011), *citing Herrera v. Collins*, 506 U.S. 390, 400 (1993), and *House v. Bell*, 547 U.S. 518, 555 (2006). However, if the newly-discovered evidence was improperly withheld by the State or Petitioner's defense counsel was ineffective in failing to discover it, an independent constitutional right may be implicated. The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The state courts are the more appropriate forum for Petitioner to develop his newly-discovered evidence claim in the first instance. Finally, there is no evidence that Petitioner "engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

Petitioner has an available state remedy to exhaust – a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules. Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment. Petitioner already has filed a motion for relief from judgment. However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the

defendant's claim is based upon newly-discovered evidence. Therefore, an avenue for exhaustion remains available to Petitioner in state court. Furthermore, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one year statute of limitations found in 28 U.S.C. § 2244(d). The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

## III.

Accordingly, the Court GRANTS Petitioner's "Motion for Abeyance" (docket no. 7). The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further ORDERS that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.

S/Victoria A. Roberts  
VICTORIA A. ROBERTS  
UNITED STATES DISTRICT JUDGE

Dated: 11/13/2015