UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRODERICK HODGE,

        Petitioner,                      Case Number: 2:15-CV-12177
                                                                   HON. VICTORIA A. ROBERTS

v.

DUNCAN MACLAREN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Broderick Hodge's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a state inmate at the Central Michigan Correctional Facility in St. Louis, Michigan. He challenges his convictions for second-degree murder, Mich. Comp. Laws § 750.317, being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm while committing a felony, Mich. Comp. Laws § 750.227b(1).

Respondent, through the Attorney General's Office, filed a motion to dismiss arguing that the petition was not timely filed. The Court finds that the petition is untimely and that equitable tolling of the limitations period is unwarranted. The Court grants the motion to dismiss.

**I.**        **Background**

A jury convicted Petitioner in Wayne County Circuit Court. The Court sentenced

him to 15 to 25 years for second-degree murder, 1 to 5 years for being a felon in possession, and 2 years for felony firearm.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Hodge*, No. 292722, 2010 WL 3984811 (Mich. Ct. App. Oct. 12, 2010). On March 8, 2011, the Michigan Supreme Court denied leave to appeal. *People v. Hodge*, 488 Mich. 1050 (2011).

Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See* 5/10/13 Order (Dkt. 14-13). The Michigan Court of Appeals denied Petitioner's application for leave to appeal, *People v. Hodge*, No. 320841 (Mich. Ct. App. May 2, 2014) (Dkt. 14-22), as did the Michigan Supreme Court, *People v. Hodge*, 497 Mich. 946 (Mich. Dec. 30, 2014). On January 16, 2015, Petitioner filed a successive motion for relief from judgment in the trial court. The trial court denied the motion and Petitioner did not seek leave to appeal. *See* 4/6/15 Order (Dkt. 14-16).

Petitioner then filed a habeas corpus petition. The Court stayed the petition on November 13, 2015, to allow Petitioner to raise previously unexhausted claims in state court. (Dkt. 8)

Petitioner filed a third motion for relief from judgment on January 11, 2016. The trial court denied the motion, and both state appellate courts denied leave to appeal. *See* 2/9/16 Order (Dkt. 14-18); *People v. Hodge*, No. 333739 (Mich. Ct. App. Oct. 5, 2016); *People v. Hodge*, 500 Mich. 1058 (Mich. July 25, 2017).

The Court granted Petitioner's motion to lift the stay and allowed him to file an amended petition. (Dkt. 11) Respondent filed a motion to dismiss the petition on the ground that it is not timely filed. (Dkt. 13) Petitioner filed a response to the motion. (Dkt. 15)

**II.     Discussion**

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D).

Petitioner concedes that unless the Court equitably tolls the limitations period, his petition is untimely. The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 8, 2011. *People v. Hodge,* 488 Mich. 1050 (Mich. 2011). Petitioner did not petition for a writ of certiorari with the United States Supreme Court. Thus, his conviction became final on June 6, 2011, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute

of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period began on June 7, 2011, and expired one year later, on June 6, 2012.

Petitioner argues that the Court should equitably toll the limitations period because he suffers from a learning disability. The one-year limitations period is not a jurisdictional bar and may be equitably tolled where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). A petitioner bears the burden to demonstrate entitlement to equitable tolling. *Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 462 (6th Cir. 2012) (citation omitted).

A petitioner's mental disability can constitute an extraordinary circumstance justifying equitable tolling of the one-year limitations period. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). The relevant inquiry is whether Petitioner's learning disability prevented him from filing a timely petition. *Id.* (holding that a petitioner must show "a causal link between the mental condition and untimely filing."). A mental disability "'might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance'"

4

once obtained. *Stiltner v. Hart*, 657 Fed. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner contends that his learning disability rendered it difficult for him to comply with the limitations period. He states that he "was scored in the 7 percentile for Word Recognition with a GPA 1.7 and 2 percentile for Spelling with a GPA 1.0" and that he is "unable to read without help." Pet'r's Reply at 4 (Dkt. 15, Pg. ID 1588).

Petitioner submits three reports apparently prepared at some point during his elementary school education – one prepared in 1985 and two in 1988. These reports indicate that Petitioner was eligible for special education services. But, at the same time, Petitioner was noted to be in the range of average intelligence. None of these documents reflects Petitioner's abilities at the time the limitations period was running – the most recent report is dated over thirty years ago.

In the four years following conclusion of Petitioner's state-court direct appeal, Petitioner filed numerous motions and appeals in state court. A petitioner's ability to file other pleadings is relevant to whether there is a causal connection between a petitioner's mental condition and the ability to file a timely habeas petition. *See Bilbrey v. Douglas*, 124 Fed. App'x 971, 973 (6th Cir. 2005) (finding equitable tolling unavailable where, although petitioner had "continuing mental health problems", she continued to litigate in the state court); *Price v. Lewis*, 119 Fed. App'x 725, 726 (6th Cir. 2005) ("The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue

his or her legal claims during the period of his or her alleged mental incapacity.") (quotation omitted). The filing of multiple timely state court papers indicates Petitioner's ability to pursue legal remedies. That Petitioner may have received assistance from the prison legal writer program when pursuing state-court collateral relief does not, by itself, warrant equitable tolling. The Sixth Circuit declined to equitably toll the limitations period when a petitioner who was claiming mental incompetence actively pursued claims in state court "by seeking and obtaining help completing legal paperwork." *Price v. Lewis*, 119 Fed. App'x 725, 726 (6th Cir. 2005). Petitioner fails to allege facts showing that a learning disability caused him to not comply with the statute of limitations.

Moreover, even if Petitioner's learning disability could toll the limitations period, he fails to make the other required showing for equitable tolling: that he has been diligently pursuing his rights. *See Holland*, 560 U.S. at 649. He fails to explain why he waited three years after the limitations period expired to file his habeas petition.

### III. Certificate of Appealability

Under Federal Rule of Appellate Procedure 22, before Petitioner may appeal the Court's decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(citation omitted).

The Court concludes that reasonable jurists would not debate the Court's holding that the petition is untimely. The Court denies a certificate of appealability.

## IV. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion to Dismiss (Dkt. 13) and the petition for a writ of habeas corpus is DISMISSED.

The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

                                       s/ Victoria A. Roberts
                                       VICTORIA A. ROBERTS
                                       UNITED STATES DISTRICT JUDGE

DATED: 8/22/19